**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4141**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

MICHELLE BRYANT,

                Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence. R. Bryan Harwell, Chief District Judge. (4:18-cr-00437-RBH-1)

Submitted: August 20, 2019                     Decided: August 22, 2019

Before FLOYD and RUSHING, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Casey P. Riddle, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Florence, South Carolina, for Appellant. Derek Alan Shoemake, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michelle Bryant pled guilty, without a written plea agreement, to three counts of intentionally conveying false and misleading information, in violation of 18 U.S.C. § 1038(a)(1)(A) (2012). Bryant's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether the plea colloquy satisfied Fed. R. Crim. P. 11 and whether Bryant's 24-month sentence is reasonable. We affirm.

Before accepting a guilty plea, the district court must conduct a colloquy in which it informs the defendant of, and determines that she understands, the nature of the charge to which she is pleading guilty, any mandatory minimum penalty, the maximum penalty she faces, and the rights she is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The court also must ensure that the defendant's plea is voluntary and supported by an independent factual basis. Fed. R. Crim. P. 11(b)(2), (3). Because Bryant did not move to withdraw her guilty plea in the district court, we review the adequacy of the plea colloquy for plain error. *United States v. McCoy*, 895 F.3d 358, 364 (4th Cir.), *cert. denied*, 139 S. Ct. 494 (2018). Based on our review of the Rule 11 hearing, we conclude that the plea was knowing, voluntary, and supported by an independent basis in fact and that the district court therefore did not plainly err in accepting Bryant's guilty plea.

Next, we review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). This review entails appellate consideration of both the procedural and substantive reasonableness of the

2

sentence. *Id.* at 51. If there are no procedural errors, then we consider the substantive reasonableness of the sentence, evaluating "the totality of the circumstances." *Id.* A sentence is presumptively reasonable if it is within or below the Guidelines range, and this "presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) [(2012)] factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). After properly calculating Bryant's Guidelines range, the district court considered the 18 U.S.C. § 3553(a) factors, stressing that Bryant reported multiple false bomb threats to an airport that caused significant disruptions and diversion of resources. Emphasizing the seriousness of the offenses, the court denied Bryant's motion for a downward variance to a probationary sentence and imposed a within-Guidelines sentence of 24 months. Bryant has not rebutted the presumption of reasonableness attached to her sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Bryant's convictions and sentence. This court requires that counsel inform Bryant, in writing, of the right to petition the Supreme Court of the United States for further review. If Bryant requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Bryant.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*